IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RAS JAHMIKES MATTA, | Cause No. CV 21-73-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| DEPARTMENT OF CORRECTIONS' BRIAN GOOTKIN; PETE BLUDWORTH; UNITED STATES MARSHALS SERVICE, | |
| Respondents. | |

On June 8, 2021, Petitioner Matta moved to proceed in forma pauperis with this application for writ of habeas corpus under 28 U.S.C. § 2241. Matta is currently a state prisoner and federal pretrial detainee. He is represented by counsel in his pending federal criminal case, but in this matter he represents himself.

### I. Motion to Proceed In Forma Pauperis

Matta states that he received $140.00 in the past twelve months. *See* Mot. to Proceed (Doc. 2) at 2. Although the fee for filing a habeas petition is only $5.00, *see* 28 U.S.C. § 1914(a), it is not clear whether Matta could pay $5.00 at the present time. And, at any rate, there is no need to delay resolution of this case. The Court will grant Matta's motion.

1

## II. Matta's Petition

In a proceeding under 28 U.S.C. § 2241, a court may choose to apply the Rules Governing § 2254 Cases. *See* Rule 1(b), § 2254 Rules. The Court will do so. Pursuant to Rule 4, the petition must be dismissed "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, § 2254 Rules.

Matta is currently serving a sentence imposed in January 2021 by the Thirteenth Judicial District Court, Yellowstone County. *See* Mot. § 2255 (Doc. 84) at 7 ¶ 14(a)–(b), *United States v. Matta*, No. CR 10-10-BLG-SPW (D. Mont. filed July 6, 2021). He is also facing federal charges. *See* Trial Scheduling Order (Doc. 55), *United States v. Acosta, et al.*, No. CR 21-22-BLG-SPW (D. Mont. filed Apr. 8, 2021) (setting trial for August 16, 2021).

Matta challenges "pretr[ia]l detention, type of custody, stay of sentence pending post-conviction relief and motion to withdraw plea of guilt." Pet. (Doc. 1) at 3 ¶ 6. He claims the State breached its plea agreement with him in the state case. He also contends that the presentence report in the state case included misinformation, that the attorney who represented him in state court had a conflict of interest, and that he is in danger of physical assault in jail. *See id.* at 6–7 ¶¶ 13, 15. He asks this Court to release him on conditions. *See id.* at 7 ¶ 15.

Most of Matta's claims challenge the validity of the state's judgment. Matta cannot raise such claims under 28 U.S.C. § 2241. He must proceed under 28

2

U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1997); *Dominguez v. Kernan*, 906 F.3d 1127, 1134–36 (9th Cir. 2018). As he says he is currently litigating a petition for postconviction relief and a motion to withdraw his guilty plea, he must exhaust those remedies, including appeal to the Montana Supreme Court in the event the state district court denies relief, before he may file a habeas petition in this Court under § 2254. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[B]efore you bring any claims to federal court, be sure that you first have taken each one to state court."); 28 U.S.C. § 2254(b).

To the extent Matta claims he is not safe in jail, he may bring such issues to the attention of his counsel in the federal case and/or pursue other appropriate relief in state court or in this Court. But he may not litigate these claims through a petition under 28 U.S.C. § 2241. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

It is clear that Matta may not proceed under 28 U.S.C. § 2241. Because he seeks conditional release, and because that is not an immediately available remedy, the Court will not consider converting the petition to some other type of pleading. *See id.* at 935–36. The petition will be dismissed for lack of jurisdiction.

The law governing disposition of the petition is well-settled. A certificate of appealability is not warranted. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Hayward*

3

*v. Marshall*, 603 F.3d 546, 554–55 (9th Cir. 2010) (en banc), *disapproved on other grounds by Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011); 28 U.S.C. § 2253(c)(1)(A).

Accordingly, IT IS ORDERED:

1. Matta's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The clerk shall waive payment of the filing fee.

2. Matta's petition (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The clerk shall enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Matta files a Notice of Appeal.

5. Pursuant to Rule 4 of the § 2254 Rules, the clerk will serve a copy of the petition and this order on the Attorney General of the State of Montana.

DATED this 20th day of July, 2021.

                                                        /s/ Susan P. Watters
                                                        Susan P. Watters
                                                        United States District Court